IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KENNETH LOPEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:15-cv-1059-RP |
| HOME DEPOT U.S.A., INC., and JIM KELLY, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is the Plaintiff Kenneth Lopez's Motion for Relief from Judgment, filed Pursuant to Federal Rule of Civil Procedure 60(b)(6). (Dkt. 25). For the reasons that follow, the Court finds that Defendant's Motion should be denied.

## BACKGROUND

In October 2015, Plaintiff filed this workplace-injury suit against his employer, Defendant Home Depot, and his manager, Jim Kelly, in state court. The Complaint lists four attorneys appearing on behalf of Plaintiff: Andrew C. Smith ("Smith") and Clifford D. Peel ("Peel") of Smith Peel LLC, and Parker Polan ("Polan") and Hayden Briggle of Briggle & Polan, PLLC. Smith and Polan signed the Complaint. Defendants removed the action to this Court in November 2015. The docket sheet currently lists Smith, Polan, and Briggle as attorneys of record for Plaintiff. Notices of electronic filings are thus emailed to each attorney as documents are filed in this case.

Following an initial pretrial conference, which Smith, Polan, and Briggle attended on behalf of Plaintiff, (Minute Entry, Dkt. 11), the Court entered a scheduling order requiring the parties to designate expert witnesses by June 1, 2016. (Dkt. 12).

On August 26, 2016, Defendant Home Depot filed a motion for summary judgment. (Dkt.

15). In its motion, Defendant contended that Plaintiff could not prove up his case because he had not designated a necessary expert by the deadline of June 1, 2016. Plaintiff did not respond to the motion within the two weeks allowed under Local Rule CV-7(e). On October 26, 2016, the Court issued an order directing Plaintiff to show, within ten days, why Jim Kelly should not be dismissed from the suit as improperly joined. (Dkt. 17). Plaintiff did not respond to the order and the Court dismissed Kelly on November 10, 2016.

On November 3, 2016, the Court issued an order directing the parties to submit further briefing on an *Erie* question raised in Defendant's motion for summary judgment, specifically, the applicability of Texas's rules concerning expert witnesses in federal court. (Dkt. 18). On November 17, 2016, the deadline set by the Court for supplemental briefing, the Court received responses from both Defendant and Plaintiff. Defendant's brief was responsive to the Court's request. (*See* Dkt. 20). Plaintiff's brief, on the other hand, was largely a belated response to Defendant's motion for summary judgment, filed nearly ten weeks late and without explanation. (*See* Dkt. 22). Concluding that expert testimony was necessary to Plaintiff's case, the Court granted Defendant's motion for summary judgment on December 21, 2016, entering final judgment the same day dismissing all of Plaintiff's claims. (Dkts. 23, 24).

On January 18, 2017, Plaintiff filed the instant motion seeking relief from judgment. In Plaintiff's motion, Briggle informs the Court that he was initially retained by Plaintiff in this matter. Briggle referred the case to Smith Peel LLC, which designated Smith as the lead attorney. Briggle acknowledges being copied on the pleadings and monitoring the case, which caused him to notice that Smith would be late or nearly late in meeting deadlines. Briggle states that he would call or email Smith to remind him of his obligations, and Smith would reassure him each time that he was meeting all necessary requirements. Following the Court's granting summary judgment to Defendant, Briggle attempted to contact Smith without success. In speaking to Smith's law partner,

Peel, Briggle learned that Smith had been struggling with severe mental health issues throughout the pendency of this case, culminating in Smith's seeking emergency mental health services on December 21, 2016, where he remained apparently incommunicado when Plaintiff filed this motion. It is suggested that Smith's illness caused his non-compliance with procedural requirements.

## LEGAL STANDARD

There are two rules of procedure which permit a litigant to seek relief from a judgment. Rule 59(e) allows a party to move to "alter or amend a judgment," while Rule 60(b) allows a court to "relieve a party . . . from final judgment" for specific enumerated reasons. Fed. R. Civ. P. 59(e), 60(b). The question whether Rule 59 or Rule 60 applies to a motion to reopen a case "turns on the time at which the motion is served." *Sentry Select Ins. Co. v. Home State Cty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). "If the motion is served within [the window provided by Rule 59(e)], the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* Rule 59(e) motions may be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Plaintiff states that he is seeking relief under Rule 60, however, he filed his motion within 28 days after the entry of judgment. Accordingly, his motion is properly considered under Rule 59. A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for presenting "legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, the rule "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Thus, reconsideration of a judgment after its entry is an extraordinary remedy to be used only sparingly. *Templet*, 367 F.3d at 478.

## DISCUSSION

Plaintiff moves for relief solely on the basis of Smith's illness. This is not a sufficient ground for relief under Rule 59(e), which provides an avenue for litigants to "clearly establish either a manifest error of law or fact or [] present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Where the movant fails to provide new evidence or demonstrate a manifest error of law in the court's previous decision, the court may properly deny a Rule 59(e) motion. *O'Hara v. Donahoe*, 595 F. App'x 367, 372 (5th Cir. 2014).

While Plaintiff has not presented any new evidence, he has retained an expert who is willing to offer evidence if the case is reopened. "Under extraordinary circumstances, a court may entertain a motion for reconsideration in the light of evidence not in the summary judgment record." *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006). The factors courts consider "when a party seeks to upset a summary judgment by producing additional evidence" are: (1) the reasons for the movant's default; (2) the importance of the evidence to the movant's case; (3) whether the evidence was available to the movant before the nonmovant filed the summary judgment motion; and (4) the likelihood of prejudice to the nonmovant if the case is reopened. *Id.* at 848.

These factors weigh against reopening the case. Again, Plaintiff has produced no new evidence, but only the prospect of evidence from a new expert. And while expert testimony would be central to Plaintiff's case—indeed, its absence was the reason the Court awarded summary judgment—Plaintiff could have and should have obtained the evidence months before Defendant filed its summary judgment motion. The Court is also not convinced that Plaintiff's failure to adequately prosecute the case was sufficiently justified. Plaintiff's evidence suggests, but does not establish, that Smith's illness was sufficiently debilitating to interfere with his work. The fact remains, however, that at least two other attorneys appeared on Plaintiff's behalf, but neither

intervened.

Briggle blames Smith for repeatedly misleading him about his prosecution of the case and his condition. If Briggle indeed took Smith's assurances at face value, he has not persuaded the Court that it was reasonable to do so. Briggle and Polan were receiving notifications as pleadings were filed in this case. They were alerted to Defendant's filing its motion for summary judgment, which revealed that Smith had designated no expert and might have prompted intervention at that time—or at the very least investigation. Nearly four months elapsed between the filing of Defendant's motion and the Court's order granting summary judgment. Had Briggle or Polan monitored the case or reviewed the docket in those months, even if only when prompted by the several orders the Court entered during that time, they would have discovered that Smith never responded to Defendant's motion. Briggle does not elucidate why Smith's assurances were credible given that his failure to participate in this case was patently obvious from the record.

In sum, Plaintiff's has not presented a sufficient justification that outweighs the prejudice to Defendant that would result from effectively starting this case anew.

## CONCLUSION

Mental health problems are unfortunately common in the legal profession.[1] The Court sympathizes with Smith's condition and wishes him a speedy recovery. For the reasons stated above, however, the Court **DENIES** Plaintiff's Motion for Relief from Judgment. (Dkt. 25).

**SIGNED** on February 7, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] *See generally* Patrick R. Krill, et al., *The Prevalence of Substance Use and Other Mental Health Concerns Among American Attorneys*, 10 J. Addiction Med. 46 (2016).